DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

**UNITED STATES OF AMERICA,**

      **Plaintiff,**      2008-MJ-0030

 v.

**JOHN DUANE GREEN,**

      **Defendant.**

TO: Denise Hinds, Esq., AUSA
    Patricia Schrader-Cooke, Esq., AFPD

**ORDER DENYING UNITED STATES' MOTION TO DETAIN DEFENDANT PENDING TRIAL**

THIS MATTER came before the Court for consideration upon United States of America's motion to detain Defendant pending trial. A hearing was held on September 30, 2008. The government was represented by Denise Hinds, Esq., AUSA. Patricia Schrader-Cooke, Esq., AFPD, appeared on behalf of Defendant.

In support of its motion, the government presented the testimony of Christopher McGrath, criminal investigator with Immigration and Customs Enforcement of the Department of Homeland Security. Special Agent McGrath testified that on September 24, 2008, Defendant arrived at the Henry E. Rohlsen Airport on Liat flight 312 from St. Maarten. Special Agent McGrath stated that all passengers coming into the United States

*United States v. Green*
2008-MJ-0030
Order Denying United States' Motion to Detain Defendant Pending Trial
Page 2

are subjected to a records check. The record check that was conducted with regard to Defendant revealed that Defendant had been arrested on at least two prior occasions and the nature of those arrests. Defendant had been arrested for contributing to the delinquency of a minor in 1990 and for sexual assault and fondling a minor in 1994. Based upon that information, Defendant was referred to secondary inspection where Special Agent McGrath requested and received from Defendant consent to search Defendant's laptop computer for materials relating to offenses against a child. Special Agent McGrath stated that Defendant volunteered the information that he had received some photographs from friends attached to an e-mail message that he had saved to his hard drive. Special Agent McGrath further stated that Defendant assisted Agent McGrath in locating the subject photographs. Special Agent McGrath testified that he found at least two photos that he viewed that he considered to constitute child pornography. According to Special Agent McGrath, when shown the photos, Defendant concurred that he considered the photographs to be child pornography. Special Agent McGrath stated that he then read Defendant his *Miranda* rights, at which time Defendant requested an attorney.

Defendant offered the testimony of Debra Brown, as a proposed third-party custodian. Ms. Brown testified that she resides at 6415 North Flower Terrace, Hernando, Florida, in a home that she owns jointly with Defendant. Ms. Brown stated that she and

*United States v. Green*
2008-MJ-0030
Order Denying United States' Motion to Detain Defendant Pending Trial
Page 3

Defendant have lived together for nineteen (19) years and that they are willing to post their property, including their home, as security for Defendant's release. Ms. Brown testified that no children currently live with them or within their neighborhood. Ms. Brown also stated that she is employed as a certified nurse's assistant (CNA) and has been so employed for twenty-four (24) years. Ms. Brown further testified that she understood the duties and responsibilities of a third-party custodian, and that she was willing to undertake those duties and responsibilities.

I. <u>Authorization for Detention Hearing</u>

18 U.S.C. § 3142(f) allows such hearing in a case that "involves . . . a serious risk that such person will flee." Defendant is charged with possession of material involving the exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B); importing or transporting obscene materials in violation of 18 U.S.C. § 1462; and importing obscene or immoral material in violation of 19 U.S.C. § 1305 and has no ties to St. Croix, U.S. Virgin Islands.

II. <u>Consideration of Detention</u>

Title 18 U.S.C. § 3142(e) authorizes the Court to detain a defendant unless the Court finds that there exists a "condition or combination of condition [that] will reasonably assure the appearance of the persons as required and the safety of any other person and the community." Section 3142(g) enumerates factors to be considered:

*United States v. Green*
2008-MJ-0030
Order Denying United States' Motion to Detain Defendant Pending Trial
Page 4

(1) whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including whether, at the time of the current offense or arrest, defendant was on probation, or parole from a prior offense;

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The evidence against Defendant is strong. Defendant stated to Special Agent McGrath that he would consider the subject photos to be child pornography. Defendant further admitted to Special Agent McGrath that if he had known he would be subject to a search he would have deleted all of the photographs from his computer.

While Defendant has no ties to this jurisdiction, he has proposed a third-party custodian and made arrangements for bail. Moreover, the Court finds that Defendant's previous arrests did not result in prosecutions. Accordingly, the Court finds that there are conditions which would ensure the safety of any other person or the community or the appearance of Defendant as required.

WHEREFORE, it is hereby **ORDERED**:

1. The government's motion to detain Defendant are **DENIED**.

2. Defendant may be released into the custody of Deborah Brown, upon compliance with the attached Order Setting Conditions of Release.

*United States v. Green*
2008-MJ-0030
Order Denying United States' Motion to Detain Defendant Pending Trial
Page 5

ENTER:

Date: September 30, 2008                                  /s/
                                             GEORGE W. CANNON, JR.
                                             U.S. MAGISTRATE JUDGE